In the Matter of the Estate of Paulina W. Stanowick, deceased.

Antonia Rimelin, Administratrix, Appellant, v. The People of the State of Illinois, Appellee.

Gen. No. 14,398.

ADMINISTRATION OF ESTATES—*when interest chargeable against administratrix for failure to close estate.* Held, that under the evidence in this case, no good cause was shown for the failure of the administratrix to make distribution and that interest was properly chargeable against her under section 113 of the Administration Act.

Objections to report of administratrix. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed in part and reversed in part with directions. Opinion filed February 16, 1909.

Statement by the Court. Paulina W. Stanowick died December 17, 1896, leaving a will bequeathing to her husband, Valentine, her estate remaining after the payment of two legacies, one of $300, the other of $400.

Valentine Stanowick died in January, 1897. By his will he bequeathed to Antonia Rimelin and Anna Stanowick the proceeds of the estate of his deceased wife, Paulina W. Stanowick, in equal parts. Each of said wills named an executor, each will was probated, the executor named in each qualified, and letters were duly issued to him. In 1897 each of said executors resigned and Antonia Rimelin was appointed admin-

istratrix *de bonis non* with the will annexed of each of said estates. October 17, 1904, she filed in the Probate Court her amended final account as such administratrix of the estate of Paulina W. Stanowick, to which Anna M. L. Schultz, who is the Anna Stanowick named in the will of Valentine Stanowick, filed objections. The amount of the estate left after payment of debts, legacies and costs of administration, as stated in said amended final account, was $3,417.99, which the account stated had been, "paid Admx. estate Valentine Stanowick."

December 16, 1904, the Probate Court restated the account and found that the amount in the hands of said administratrix of the estate of Paulina to be paid under her will to the administratrix of the estate of Valentine was $4,807.32. From this order the administratrix appealed to the Circuit Court. After a hearing the court stated the account substantially as stated by the Probate Court finding the "amount to be accounted for by said Antonia Rimelin as administratrix of the estate of said Paulina W. Stanowick, deceased, on December 16, 1904, and then payable to the legal representative of the estate of Valentine Stanowick, deceased $4,807.32." The order then proceeds as follows: "And it is further ordered, adjudged and decreed that said Antonia Rimelin also account for and pay to the legal representative of the estate of said Valentine Stanowick, deceased, interest on said sum of $4,807.32 at the rate of five per cent. per annum from December 16, 1904."

From that order the administratrix prosecutes this appeal.

ERNEST SAUNDERS, for appellant.

EDWARD J. PHILLIPS, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

We think that the order appealed from is a final

order, and the motion of appellee to dismiss the appeal will be denied.

The controversy as to the account relates to two items only.

1. In her amended account the administratrix charges herself, on account of the Tessmer note and interest thereon, $2,575, and in the account as stated by the Circuit Court, she is charged with the sums of $2,500, $75, and also with the additional sum of $510.40 as interest on said note from July 25, 1897, to December 20, 1900, at 6 per cent.

2. In the account as stated by the court the administratrix is charged with $1,178.93 for interest on $3,298.38 from December 20, 1900, to August 1, 1904, at 10 per cent. per annum, and there is no such charge in her account.

The Tessmer note was inventoried by the executor of the will of Paulina W. Stanowick as a promissory note for $2,500, dated July 25, 1896, payable to the order of Joseph Anton Muehleck and Paulina W. Muehleck five years after date, with interest at 6 per cent. per annum secured by trust deed on certain real estate. The administratrix sold this note to a brewing company for $2,500 soon after July 25, 1897, and used the proceeds. In her account she charged herself, as has been said, with the principal $2,500 and the interest coupon due July 25, 1897, $75. Her attorney now insists that she should be charged with but one-half of said notes, on the ground that the same are payable to the order of Joseph Anton Muehleck, the former husband of Paulina W. Stanowick, and herself, then Paulina W. Muehleck. The executor of the will of Paulina W. Stanowick inventoried the principal note as a note belonging to her estate; said administratrix received said notes from said executor, collected the coupon due July 25, 1897, then sold the principal note and the remaining coupons for $2,500, and used the money received therefor in her own business. The contention that she should be

charged with one-half only of the money received on the Tessmer note cannot be sustained.

The order appealed from charges her not only with the principal $2,500, the interest coupon due July 25, 1897, $75, but with interest on $2,500 from July 25, 1897, to December 20, 1900, at 6 per cent., $510.40.

May 27, 1898, a bill was filed to contest the will of Paulina W. Stanowick, which was dismissed June 20, 1900. No reason for selling said note is shown by the evidence. The estate should have been settled December 20, 1900, six months after said bill was dismissed, and we think the court did not err in charging the administratrix interest at 6 per cent. per annum on said sum of $2,500 from July 25, 1897, to December 20, 1900.

The basis for the charge of $1,178.93 interest against the administratrix is thus set forth in the account stated by the Circuit Court:

"Interest at 10% per annum from Dec. 20, 1900, to August 1, 1904, on $3,290.38, found to be in the control and possession of said administratrix as property of said estate on December 20, 1900, giving her credit for $638.01 disbursements in estate of Valentine Stanowick, deceased, $1,178.93."

Section 113 of the Administration Act provides that: "All moneys, bonds, notes and credits which any administrator or executor may have in his possession or control as property or assets of the estate, at a period of two years and six months from the date of his letters testamentary or of administration, shall bear interest, and the executor or administrator shall be charged interest thereon from said period at the rate of 10 per cent., or after two years and six months from any subsequent time that he may have discovered and received the same, unless good cause is shown to the court why such should not be taxed."

No good cause is shown by the evidence why the estate should not have been settled December 20, 1900, six months after the dismissal of the bill above re-

ferred to. The administratrix filed her final account August 1, 1904, which was afterwards withdrawn and an amended final account filed October 17, 1904. In place of charging the administratrix interest at 10 per cent. on the entire amount of the estate in her hands, the court in fixing the amount on which such interest should be charged, gave her credit for $638.01 disbursements by her in the estate of Valentine Stanowick, treating such disbursements as a payment by her as administratrix of Paulina to herself as administratrix of the estate of Valentine. We think the charge of $1,178.93 as interest on the estate in her hands from December 20, 1900, to August 1, 1904, was proper.

With the attempted settlement between the objector and the administratrix, of June 17, 1907, the Circuit Court in this case had nothing to do. The question in the case is as to the amount of the estate of Paulina W. Stanowick. The provisions of the will of Valentine are material only for the purpose of showing that the objector had such an interest in the estate of Paulina as gave her the right to object to the final account of the administratrix of that estate. It is the duty of the administratrix of the estate of Paulina to pay over to the legal representative of Valentine the amount of her estate, and the rights of Antonia Rimelin and Anna M. L. Schultz to the proceeds of the estate of Paulina, under the will of Valentine, must be settled and determined on the settlement and distribution of the estate of Valentine and cannot be settled or determined in this proceeding.

It is admitted by the objector that the appellant, as administratrix of the estate of Valentine, paid to the objector in the fall of 1904, $1,000 to apply on her legacy under the will of Valentine. In determining the amount on which appellant should pay interest from December 16, 1904, the date of the statement of her account by the Probate Court, appellant as administratrix of Paulina should, we think, have been

given credit for this payment of $1,000 as a payment by her as administratrix of Paulina to herself as administratrix of the estate of Valentine, and ordered to pay and account for to the legal representatives of the estate of Valentine, interest on the sum of $3,807-.32, in place of $4,807.32, at the rate of 5 per cent. per annum from December 16, 1904.

We do not think that the order as to the payment of interest is erroneous in not stating the amount of such interest.

So much of the order of the Circuit Court as orders: "that said Antonia Rimelin account for and pay to the legal representatives of the estate of said Valentine Stanowick, deceased, interest on said sum of $4,807.32 at the rate of 5 per cent. per annum from December 16, 1904," will be reversed. In all other respects the order of the Circuit Court will be affirmed and the cause will be remanded to the Circuit Court with directions to that court to enter an order that said Antonia Rimelin, as administratrix *de bonis non* with the will annexed of Paulina W. Stanowick, deceased, account for and pay to the legal representative of the estate of said Valentine Stanowick, deceased, interest on the sum of $3,807.32 at the rate of 5 per cent. per annum from December 16, 1904.

Each party will pay one-half of the costs of this appeal.

*Affirmed in part and reversed in part with directions.*